# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:17-cr-00267 (JAM) |
| ISAIAH HALLIDAY,<br>*Defendant*. | |

## ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA

Federal law criminalizes the use of a firearm to further any "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A). The question in this case is whether an attempted robbery in violation of the federal Hobbs Act qualifies as a crime of violence.

Some courts say yes.[1] Some courts say no.[2] The question has split the circuits, and perhaps one day the Supreme Court will decide who is right, or Congress will clarify this vexing statutory scheme.

My initial take was that an attempted robbery must surely qualify as a crime of violence. After all, a robbery is the paradigm of a violent crime. Why should a failed or attempted robbery be treated any differently? Even worse, the defendant here—Isaiah Halliday—actually shot his fleeing victim in the course of trying to rob him. How could this attempted robbery not qualify as a crime of violence?

---

[1] *See, e.g.*, *United States v. Dominguez*, 954 F.3d 1251, 1261-62 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018); *United States v. Samuels*, 2020 WL 5517772, at *5-7 (S.D.N.Y. 2020); *Savoca v. United States*, 2020 WL 2133187, at *7-8 (S.D.N.Y. 2020); *Crowder v. United States*, 2019 WL 6170417, at *3 (S.D.N.Y. 2019).

[2] *See, e.g.,* *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020); *FNU LNU (Ramos) v. United States*, 2020 WL 5237798 (S.D.N.Y. 2020); *United States v. Culbert*, 453 F. Supp. 3d 595 (E.D.N.Y. 2020); *Lofton v. United States*, 2020 WL 362348 (W.D.N.Y. 2020).

Or so I thought until the law got in the way. For starters, the law says that when a judge decides if any particular crime qualifies as a federal crime of violence, what the defendant actually did is not relevant. Next the law says that a judge cannot deem a type of crime to be a federal crime of violence simply because it usually ends up involving force or violence. Instead, the law tells judges that they must strap on their analytic blinders to conduct a narrow inquiry, one that focuses under 18 U.S.C. § 924(c)(3)(A) solely on whether any of the formal elements of the crime at issue actually and necessarily require the use, attempted use, or threatened use of physical force.

 I did that here. And my conclusion is that an attempted Hobbs Act robbery is not a federal crime of violence. Its elements do not necessarily require the use, attempted use, or threatened use of physical force. Therefore, because Halliday entered a plea of guilty that was wrongfully based on an assumption that an attempted Hobbs Act robbery qualifies as a crime of violence, I will grant his motion to withdraw his guilty plea to that charge.

BACKGROUND

Halliday went on a robbery spree in the fall of 2017. Some of his robberies were successful and some were not so successful. He ended up indicted on twelve different robbery-related charges. Doc. #21.

On April 29, 2019, Halliday entered pleas of guilty to two of the charges against him. Doc. #53. The first was a plea of guilty to conspiracy to engage in Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a). The second was a plea of guilty to the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

This second charge was based on Halliday's use of a gun during an attempted Hobbs Act robbery that occurred on November 11, 2017. On that day Halliday lured an unsuspecting victim

to a location in Hartford for the purpose of robbing him, threatened him with a gun, and then shot him in the arm when he drove away and escaped before Halliday could complete the robbery. Doc. #102 at 1-2. According to the parties' plea agreement, this second charge requires me to impose a term of at least 10 years of imprisonment that would run consecutive to any term of imprisonment that I might impose for the first charge. Doc. #53 at 5.

Halliday now moves to withdraw his guilty plea to the second charge. Doc. #101. He argues that an attempted Hobbs Act robbery does not qualify as a crime of violence. The Government opposes the motion. Doc. #102.

DISCUSSION

For purposes of a charge of using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A), a "crime of violence" is defined in relevant part to mean a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). This definition is commonly referred to as the "force clause."

The force clause of § 924(c)(3)(A) is distinct from what courts refer to as the "residual clause" of § 924(c)(3)(B)—a clause which provides an alternative definition of a crime of violence to include any crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). An attempted Hobbs Act robbery is probably risky enough to satisfy the residual clause. But about two months after Halliday entered his guilty plea, the Supreme Court invalidated the residual clause of § 924(c)(3)(B) on due process vagueness grounds. *See United States v. Davis*, 139 S. Ct. 2319 (2019). It is the Supreme Court's intervening ruling in *Davis* that

makes it necessary now to decide if attempted Hobbs Act robbery satisfies the force clause under § 924(c)(3)(A).

As the words of the force clause make clear, a court must focus on the legal elements of the predicate crime rather than on the details or the risk of any particular defendant's underlying conduct. In other words, the statute instructs courts to decide if the predicate crime has "as an element" any of the following three characteristics: "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

This formalistic focus on the legal elements of a crime is in keeping with the so-called "categorical approach" that courts routinely follow when deciding if any particular crime qualifies for federal law purposes as a crime of violence. "Under the categorical approach, we compare the elements of the offense … to the statutory definition of 'crime of violence' (here, § 924(c)), without regard to the particular facts of the defendant's offense conduct." *Gray v. United States*, 980 F.3d 264, 265–66 (2d Cir. 2020) (*per curiam*).

The federal Hobbs Act generally criminalizes robberies that affect interstate commerce. It provides in relevant part that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion *or attempts* or conspires so to do, … shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a) (emphasis added). The Act in turn defines the term "robbery" to mean "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or

4

possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).[3]

Applying the elements-based categorical approach as outlined above, the Second Circuit has held that a *substantive* Hobbs Act robbery categorically constitutes a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018). By contrast, the Second Circuit has more recently held that a *conspiracy* to commit a Hobbs Act robbery does not constitute a crime of violence. *See United States v. Barrett*, 937 F.3d 126, 130 (2d Cir. 2019). The Second Circuit has yet to decide if an *attempted* Hobbs Act robbery categorically constitutes a crime of violence under the force clause of § 924(c)(3)(A).

Because application of the force clause of § 924(c)(3)(A) requires a focus on the elements of the predicate crime, I must first identify the elements of an attempted Hobbs Act robbery. The Hobbs Act by its terms does not define the elements of an attempted robbery, but the elements of any attempted federal crime have long been understood. "Under federal law, '[a] person is guilty of an attempt to commit a crime if he or she (1) had the intent to commit the crime, and (2) engaged in conduct amounting to a "substantial step" towards the commission of the crime.'" *United States v. Thrower*, 914 F.3d 770, 776 (2d Cir. 2019) (quoting *United States v. Martinez*, 775 F.2d 31, 35 (2d Cir. 1985)).

Therefore, the crime of attempted Hobbs Act robbery has just two elements. The first is a pure *mens rea* element: that the defendant acted with the same mental state as required to commit a substantive Hobbs Act robbery (namely, that the defendant intended to engage in a robbery). The second is an *actus reus* element: that the defendant took a "substantial step" toward

---

[3] Because the Hobbs Act requires only a *de minimis* showing of an effect on interstate commerce, *see, e.g., United States v. Rose*, 891 F.3d 82, 86 (2d Cir. 2018), federal prosecutors have been able to invoke the Act at times to prosecute street crimes that would ordinarily be prosecuted in state court. *See* Matt Evola, *You Shall Go No Further: The Hobbs Act and the Expansion of Federal Criminal Jurisdiction*, 53 Am. Crim. L. Rev. Online 6 (2016).

committing the intended robbery. As the Second Circuit has recently observed, "a crime's elements serve to give notice of both the *actus reus* proscribed by a particular crime and the *mens rea* required for culpability." *United States v. Ojeda*, 951 F.3d 66, 75 (2d Cir. 2020).

So the question here is whether either one of these two elements of an attempted Hobbs Act robbery necessarily includes "the use, attempted use, or threatened use of physical force" as is required to qualify as a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). The answer is quite clearly no.

Let's start with the *mens rea* element: that the defendant intended to commit a Hobbs Act robbery. This *mens rea* element is a mismatch for the *actus reus* requirement imposed under § 924(c)(3)(A)—that is, "the use, attempted use, or threatened use of physical force against the person or property of another." Although a use, attempt to use, or threat to use force presupposes an intention to do so, *see United States v. Castleman*, 572 U.S. 157, 170-71 (2014), such intent alone does not also establish an *actual* use, attempted use, or threatened use of force.

Congress could have written the force clause to say that a crime need only have "as an element *an intent* to use, attempt to use, or threaten to use physical force." It did not do so. It is an actual use, attempted use, or threatened use of force that the force clause requires. That is why a conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence: no matter how venal or dangerous a conspiracy may be, a conspiracy does not require as an elemental matter that anyone use, attempt to use, or threaten to use physical force.

Turning to the *actus reus* element for an attempted Hobbs Act robbery, a "substantial step" under federal law means some action that strongly corroborates the defendant's intent to commit the substantive crime. The act or acts must be something more than mere preparation for an offense but may be less than the last necessary act before the actual commission of the

6

substantive crime; a defendant may be convicted of attempt even if there are significant steps

that are necessary to carry out the crime that have not been completed. *See United States v. Pugh*,

945 F.3d 9, 20 (2d Cir. 2019); *United States v. Anderson*, 747 F.3d 51, 73-74 (2d Cir. 2014);

*United States v. Crowley*, 318 F.3d 401, 415-16 (2d Cir. 2003).

Does a substantial step necessarily involve "the use, attempted use, or threatened use of

physical force"? It plainly does not. There are many actions that may amount to a substantial step

to committing a Hobbs Act robbery but that do not themselves involve the use, attempted use, or

threatened use of physical force. Consider, for example, a would-be robber of a convenience

store. He might case the place inside and out to plot the best time and manner for the crime. He

might draft a demand note he hopes to use to threaten the cashier to give him money. He might

even go to the store with a gun and a mask stuffed in his pockets so he is ready to move forward

with the robbery if the time seems right.

A jury might well find that these actions alone are enough to constitute a substantial step,

even if the would-be robber never follows through on his plans to rob the store. *See, e.g., United

States v. Jackson*, 560 F.2d 112, 120 (2d Cir. 1976) ("substantial step" shown where defendants

"reconnoitered the place contemplated for the commission of the crime and possessed the

paraphernalia to be employed in the commission of the crime [including] loaded sawed-off

shotguns, extra shells, a toy revolver, handcuffs, and masks which was specially designed for

such unlawful use and which could serve no lawful purpose under the circumstances"); *United

States v. Stallworth*, 543 F.2d 1038, 1041 (2d Cir. 1976) (similar steps).

To be sure, a substantial step often involves the use, attempted use, or threatened use of

force. *See, e.g., United States v. Davis*, 689 F.3d 179, 188 (2d Cir. 2012) (defendant engaged in

substantial step sufficient for an attempted Hobbs Act robbery where he "forcibly entered the

target residence" and then once inside "shot and killed a woman in response to efforts to prevent

him from carrying out the robbery"). But for purposes of the elements-based, categorical

approach that applies here, the relevant question is whether the minimum conduct required to

satisfy a crime's elements is enough to meet the force clause requirement that the defendant

used, attempted to use, or threatened to use force. So long as there is some realistic probability—

as distinct from a mere theoretical possibility—that the predicate statute could be applied to

conduct that does *not* satisfy the force clause's requirements, then the crime does not qualify as a

crime of violence under the force clause. *See United States v. Scott*, 954 F.3d 74, 80 (2d Cir.

2020); *Hill*, 890 F.3d at 56.

There is at least a realistic probability that a defendant could engage in a substantial step

toward a Hobbs Act robbery without using, attempting to use, or threatening the use of force. As

the Fourth Circuit has recently observed:

> [The attempted robbery defendant] may case the store that he intends to rob,
> discuss plans with a coconspirator, and buy weapons to complete the job. But
> none of this conduct involves an attempt to use physical force, nor does it involve
> the use of physical force or the threatened use of physical force. In these
> circumstances, the defendant has merely taken nonviolent substantial steps toward
> threatening to use physical force. The plain text of § 924(c)(3)(A) does not
> embrace such activity.

*United States v. Taylor*, 979 F.3d 203, 209 (4th Cir. 2020). Thus, because a substantial step may

quite likely involve conduct that does not involve the use, attempted use, or threatened use of

physical force, the Fourth Circuit correctly concluded that an attempted Hobbs Act robbery does

not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A). *See id.*

at 210.

The Government argues that, when Congress used the term "attempt" in § 924(c)(3)(A),

it meant to import the entire elemental structure of what constitutes an attempt offense under

federal law, such that "[t]he 'attempted use' of physical force prong of Section 924(c)(3)(A)'s

definition of 'crime of violence' … covers any offense that has as an element a substantial step towards using physical force coupled with an intent to use such force." Doc. #102 at 8. But even if the Government is right about this interpretation, it does not help the Government here, because not all attempted Hobbs Act robberies require proof of "a substantial step towards *using* physical force," much less "an intent to *use* such force."[4]

A Hobbs Act robbery may be committed merely by *threatening* to use physical force. Many robbers have no intent at all to use actual force but at most to make an empty threat to use force. A would-be robber may poke his finger under his shirt at an intended victim and tell the victim to give him her money or he will shoot her.[5] If the victim runs away rather than forking over her cash, then the would-be robber could still be convicted for an attempted Hobbs Act robbery, because the Hobbs Act defines a robbery to include "the unlawful taking or obtaining of personal property … by means of actual *or threatened force*," 18 U.S.C. § 1951(b)(1) (emphasis added), and because the would-be robber has committed a substantial step toward committing a Hobbs Act robbery by means of the threatened use of force. Nevertheless, this hapless robber would not fit within the Government's "attempted use of force" interpretation of the force clause, because he neither took "a substantial step towards using physical force" nor harbored "an intent to use such force."

---

[4] The Government premises its interpretation on the axiom that the terms of a statute should be understood in light of their common law meaning. Doc. #102 at 7 (citing *Sekhar v. United States*, 570 U.S. 729, 732 (2013)). But the elemental definition of an "attempt" crime under federal law departs from the more demanding standard under the common law. *See United States v. Farhane*, 634 F.3d 127, 146 (2d Cir. 2011) (explaining how "[p]reviously, at common law, attempt had been limited to conduct close to the completion of the intended crime" but that "[b]y requiring proof only of a 'substantial step' in furtherance of the intended crime, the Model [Penal] Code ushered in a broader view of attempt"); Michael R. Fishman, *Defining Attempts: Mandujano's Error*, 65 Duke L.J. 345 (2015).

[5] Yes, robbers commonly do that. *See, e.g., Trammel v. Banks*, 2015 WL 5666939, at *2 (S.D. Miss. 2015); *Perez v. McKee*, 2013 WL 5849171, at *14 (W.D. Mich. 2013); *Perez v. Greiner*, 2003 WL 22427759, at *1 (S.D.N.Y. 2003).

As the Fourth Circuit has recognized, "[w]here a defendant takes a nonviolent substantial step toward threatening to use physical force — conduct that undoubtedly satisfies the elements of attempted Hobbs Act robbery — the defendant has not used, attempted to use, or threatened to use physical force. Rather, the defendant has merely *attempted to threaten* to use physical force." *Taylor*, 979 F.3d at 208. Put differently, the force clause extends only to a trio of actions: the use of force, an attempt to use force, or a threat to use force. The force clause does not further extend to *attempts to threaten* to use physical force even though one obvious and common way to commit an attempted Hobbs Act robbery is by conduct amounting to no more than an attempt to threaten to use physical force.

The Government further relies on the Second Circuit's decision in *United States v. Thrower*, 914 F.3d 770 (2d Cir. 2019). But that case involved an attempted robbery under New York law rather than an attempted Hobbs Act robbery under federal law. Although the Second Circuit concluded that the New York attempted robbery statute qualified as a federal crime of violence, it was careful to note that the New York law for criminal attempt imposes a "more stringent" standard than does federal law, one that "requires that the action taken by an accused be so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference." *Id.* at 776-77 (internal quotations omitted). Under this higher standard, it could be said that there is no realistic probability that an attempted robbery would not involve some use, attempted use, or threatened use of force. Therefore, while attempted robbery under New York law may categorically be a crime of violence, it does not necessarily follow that attempted Hobbs Act robbery is a crime of violence. *See also United States v. Culbert*, 453 F. Supp. 3d 595, 600 (E.D.N.Y. 2020) (similarly distinguishing *Thrower* and *United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018)).

The Government also relies on decisions from the Seventh, Ninth, and Eleventh Circuits which have held that an attempted Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Dominguez*, 954 F.3d 1251, 1261-62 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018). These cases reason that an attempted Hobbs Act robbery qualifies as a crime of violence because it requires the same intent as a completed Hobbs Act robbery.[6] But this rationale ignores the fundamental distinction between *mens rea* elements and *actus reus* elements and that the force clause imposes an element-based analysis that turns in part on *actus reus* elements—"the use, attempted use, or threatened use of physical force against the person or property of another." An intent to use, attempt to use, or threaten to use force is a necessary but not sufficient requirement to satisfy the force clause.

The rationale adopted by the contrary rulings "impermissibly bootstraps a defendant's *intent* to commit a violent crime into categorizing all *attempts* of crimes of violence as violent crimes themselves. And it casts aside the categorical approach, which requires us to compare the *acts* proscribed by an underlying crime to the violent *acts* enumerated in § 924(c)(3)(A)." *Dominguez*, 954 F.3d at 1265 (Nguyen, J., dissenting) (emphasis in original); *see also United States v. St. Hubert*, 918 F.3d 1174, 1212 (11th Cir. 2019) (Jill Pryor, J., dissenting from denial of rehearing *en banc*) (similarly critiquing an errant approach which "convert[s] *intent* to commit each element of the substantive offense (proof of which is necessary to convict someone of an

---

[6] *See Dominguez*, 954 F.3d at 1261 (stating that "[i]n order to be guilty of attempt, a defendant must intend to commit every element of the completed crime" and that "[a]n attempt to commit a crime should therefore be treated as an attempt to commit every element of that crime") (internal citation omitted); *Ingram*, 947 F.3d at 1026 (stating that "[w]hen a substantive offense would be a violent felony under [18 U.S.C.] § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony so as long as the attempt offense requires proof of intent to commit all elements of the completed crime") (internal quotations omitted); *St. Hubert*, 909 F.3d at 352 (stating that "a completed Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)(3)(A) and, therefore, attempt to commit Hobbs Act robbery requires that St. Hubert intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner").

attempt crime) into *attempt* to commit each element of the substantive offense (which is not necessary to convict someone of an attempt crime)") (emphasis in original).

Indeed, if a defendant's intent to commit a crime requiring the use, attempt to use, or threat to use force is deemed a satisfactory substitute for his actual use, attempted use, or threatened use of force, then this same rationale must mean that a conspiracy to commit Hobbs Act robbery is also a crime of violence. Why? Because a conspiracy to rob—like an attempt to rob—requires the same intent as a completed robbery offense. But no one disputes that a conspiracy to commit Hobbs Act robbery does not meet the force clause's requirements for a crime of violence. And the same conclusion follows for an attempted Hobbs Act robbery, because it does not elementally require the use, attempted use, or threatened use of force.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant Halliday's motion to withdraw his guilty plea to Count Eleven of the superseding indictment (Doc. #101). In light of Halliday's representation that the parties intend to negotiate a new plea agreement in the event that the Court were to grant his motion, counsel are requested to consult and file a status report by **January 18, 2021**.

It is so ordered.

Dated at New Haven this 4th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge